UNITED STATES BANKRUPTCY COURT
NORTHERN DISTRICT OF MISSISSIPPI

IN RE: RICHARD J. ERB                                    CASE NO. 09-11479
       DEBTOR                                               CHAPTER 7

REBECCA REID                                             PLAINTIFF

VERSUS                                                   ADV. PROC. NO. 11-01145-DWH

RICHARD J. ERB                                           DEFENDANT

OPINION

On consideration before the court is a motion for summary judgment filed by the debtor/defendant, Richard J. Erb, ("Erb" or "debtor"); a response to said motion having been filed by the plaintiff, Rebecca Reid, ("Reid"); and the court, having considered same, hereby finds as follows, to-wit:

I.

The court has jurisdiction of the parties to and the subject matter of this adversary proceeding pursuant to 28 U.S.C. § 1334 and 28 U.S.C. § 157. This is a core proceeding as defined in 28 U.S.C. § 157(b)(2)(I).

II.

Erb constructed a residential dwelling located at 118 Whispering Lane, Guntown, Mississippi, which was purchased by Reid on April 16, 2007. On March 25, 2009, Erb filed a voluntary petition for relief pursuant to Chapter 7 of the United States Bankruptcy Code. He did not list Reid as a creditor in his bankruptcy schedules. On July 15, 2009, he received his discharge and, thereafter, an order was entered closing his "no asset" bankruptcy case.

On July 23, 2010, Reid filed a complaint against Erb in the County Court of Lee County, Mississippi, seeking damages for poor workmanship and breach of warranty pursuant to Miss. Code Ann. § 83-58-1 *et. seq.*, known as the New Home Warranty Act ("Warranty Act"). On March 25, 2011, the county court entered an order granting partial summary judgment in favor of Reid on the issue of Erb's liability, and scheduled a subsequent hearing to determine the amount of damages. Because of the potential implications of bankruptcy law, the county court stayed its proceeding prior to adjudicating the claim for damages, so that the bankruptcy issues could first be addressed in this court.

On June 30, 2011, an order granting Erb's motion to reopen his bankruptcy case was entered. After his case was reopened, Erb amended his bankruptcy schedules and creditor matrix to list Reid as an unsecured creditor holding a claim in the amount of $30,388.00. On July 22, 2011, Reid filed the above captioned complaint to determine the dischargeability of the debt.

III.

In her complaint, Reid asserts that Erb's liability, as established by the county court pursuant to the Warranty Act, is a nondischargeable debt pursuant to 11 U.S.C. §§ 523(a)(3) and (a)(10).[1] These code sections are set forth as follows:

**§ 523. Exceptions to discharge**

(a) A discharge under section 727, 1141, 1228(a) 1228(b), or 1328(b) of this title does not discharge an individual debtor from any debt—

. . . .

(3) neither listed nor scheduled under section 521(a)(1) of this title, with the name, if known to the debtor, of the creditor to whom such debt is owed, in time to permit—
(A) if such debt is not of a kind specified in paragraph (2), (4), or (6) of this subsection, timely filing of a proof of claim, unless such creditor had notice or actual knowledge of the case in time for such timely filing; or

---

1 Hereinafter, all Code sections cited in this opinion will be considered as sections of the United States Bankruptcy Code unless specifically designated otherwise.

2

> (B) if such debt is of a kind specified in paragraph (2), (4), or (6) of this subsection, timely filing of a proof of claim and timely request for a determination of dischargeability of such debt under one of such paragraphs, unless such creditor had notice or actual knowledge of the case in time for such timely filing and request;
>
> . . . .
>
> (10) that was or could have been listed or scheduled by the debtor in a prior case concerning the debtor under this title or under the Bankruptcy Act in which the debtor waived discharge, or was denied a discharge under section 727(a)(2), (3), (4), (5), (6), or (7) of this title, or under section 14c(1), (2), (3), (4), (6), or (7) of such Act [.]

§§ 523(a)(3) and (10).

### IV.

In support of his motion for summary judgment, Erb asserts that although Reid's claim arose pre-petition, he had no knowledge of it until after his bankruptcy case was closed. Erb argues that had he initially scheduled Reid's claim, she would not have been entitled to any recovery, and, now that her claim has been added, she has the same rights as originally scheduled creditors. Erb contends that because Reid's claim was schedule in time to protect her rights, § 523(a)(3)(A) is inapplicable. He also asserts that § 523(a)(10) is inapplicable, because he has never filed a prior bankruptcy case in which Reid's claim could have been included.

Reid disputes the debtor's assertion that he had no knowledge of her potential claim until after his bankruptcy case was closed. In a sworn affidavit, Reid states that the debtor made repairs to her home before, during, and after the filing of his bankruptcy case. She states that she had no knowledge of Erb's bankruptcy until after he filed an answer to her complaint in the county court proceeding. Reid asserts that Erb intentionally omitted her claim from his bankruptcy schedules in an effort to avoid disciplinary action by the Mississippi State Board of Contractors. Reid therefore contends that Erb's liability, as established by the county court, is nondischargeable

pursuant to § 523(a)(3). She also alleges that Erb waived his right to discharge her claim by both his pre- and post-petition actions.

V.

Summary judgment is properly granted when pleadings, depositions, answers to interrogatories, and admissions on file, together with affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law. Fed. R. Bankr. P. 7056; Miss. Bankr. L.R. 7056-1. The court must examine each issue in a light most favorable to the nonmoving party. *Anderson v. Liberty Lobby*, 477 U.S. 242, 106 S. Ct. 2505, 91 L.Ed.2d 202 (1986); *Phillips v. OKC Corp.*, 812 F.2d 265 (5th Cir. 1987); *Putman v. Ins. Co. of North America*, 673 F. Supp. 171 (N.D. Miss. 1987). The moving party must demonstrate to the court the basis on which it believes that summary judgment is justified. The nonmoving party must then show that a genuine issue of material fact arises as to that issue. *Celotex Corp. v. Catrett*, 477 U.S. 317, 106 S. Ct. 2548, 91 L.Ed.2d 265 (1986); *Leonard v. Dixie Well Service & Supply, Inc.*, 828 F.2d 291 (5th Cir. 1987), *Putman v. Ins. Co. of North America*, 673 F. Supp. 171 (N.D. Miss. 1987). An issue is genuine if "there is sufficient evidence favoring the nonmoving party for a fact finder to find for that party." *Phillips*, 812 F.2d at 273. A fact is material if it would "affect the outcome of the lawsuit under the governing substantive law." *Phillips*, 812 F.2d at 272.

The court notes that it has the discretion to deny motions for summary judgment and allow parties to proceed to trial so that the record might be more fully developed for the trier of fact. *Kunin v. Feofanov*, 69 F.3d 59, 61 (5th Cir. 1995); *Black v. J.I. Case Co.*, 22 F.3d 568, 572 (5th Cir. 1994); *Veillon v. Exploration Services, Inc.*, 876 F.2d 1197, 1200 (5th Cir. 1989).

4

VI.

The court is of the opinion that § 523(a)(10) is inapplicable to the proceeding. Section 523(a)(10) is a discharge exception that applies to a claim that was or could have been scheduled in a prior bankruptcy case in which the debtor waived the discharge or the discharge was denied. 4 *Collier on Bankruptcy* ¶ 523.16 (Alan N. Resnick & Henry J. Sommer eds., 16th ed). Erb did not file a prior bankruptcy case, but instead, reopened his 2009 bankruptcy case in order to amend his schedules to include Reid's claim. Since there was no prior case, § 523(a)(10) is not relevant to this proceeding, and Erb's motion for summary judgment is well taken as to this section.

VII.

The Fifth Circuit has held that "section 523(a) must be construed with an eye toward the equitable principles which underlie bankruptcy law[.]" *Stone v. Caplan (In re Stone)*, 10 F.3d 285, 290 (5th Cir. 1994). As such, when the debtor's bankruptcy case is a "no asset" case, the debtor may reopen the case to add creditors whose claims had been inadvertently overlooked. *See Smith v. Omni Mfg., Inc.*, 21 F.3d 660, 663 (5th Cir. 1994). In *Stone*, the Fifth Circuit "adopted as the touchstone for interpreting section 523(a)(3) an earlier decision of the circuit in *Robinson v. Mann*, 339 F.2d 547 (5th Cir. 1964)." *Id.* The Fifth Circuit, incorporating *Robinson*, indicated that three factors must be examined when determining whether a debtor's failure to list a creditor will prevent the discharge of the unscheduled debt: (1) the reasons the debtor failed to list the creditor; (2) the amount of disruption which would likely occur by an untimely listing of the claim; and (3) any prejudice suffered by the listed creditors and the unlisted creditor in question. *Stone*, 10 F.3d at 290; *Smith*, 21 F.3d at 664.

Significant in this proceeding is the first *Stone/Robinson* factor, "a court should not discharge a debt under section 523(a)(3) if the debtor's failure to schedule that debt was due to

5

intentional design, fraud, or improper motive." *Stone*, 10 F.3d at 291. "If the failure is attributable solely to negligence or inadvertence, however, equity points toward discharge of the debt. *Id.* "The burden is on the debtor . . . to demonstrate the absence of fraud or intentional design." *Faden v. Ins. Co. of North America,* 96 F.3d 792, 796 (5th Cir. 1996). A debtor's failure to meet the first factor is sufficient for a court to exercise its discretion to deny the discharge of the unscheduled debt. *Id.* at 797. Erb argues that his lack of knowledge of Reid's claim is the reason he did not list the claim on his schedules, and, therefore, the first factor weighs in his favor. Reid counters by asserting that Erb's actions in making repairs to her home before, during, and after the filing of his bankruptcy case contradicts that he was unaware of her potential claim. Reid also asserts that Erb intentionally omitted her claim in an effort to avoid an investigation and possible disciplinary action by the Mississippi State Board of Contractors. These are clearly material factual issues that remain in dispute.

The second *Stone/Robinson* factor focuses on undue disruptions to the courts' dockets. *Stone*, 10 F.3d at 291. Some courts have held that in a "no asset" bankruptcy case, there will be no administrative disruption. *Armstrong v. Atlas-Telecom Servs.-USA, Inc.*, 562 F. Supp. 2d 812, 817 (E.D. Tex. 2007). Erb argues that because his bankruptcy case was and is a "no asset" case that this factor is indicative that the claim should be discharged.

The final *Stone/Robinson* factor focuses on prejudice to the creditors. The Fifth Circuit noted that "[c]reditors are prejudiced only if their rights to receive their share of dividends and obtain dischargeability determinations are compromised." *Stone,* 10 F.3d at 291. Erb asserts that because of the "no asset" status of his bankruptcy case, no prejudice would occur to Reid if the debt were discharged. Additionally, no prejudice would occur to the originally listed creditors because there were no funds available to distribute to any creditor.

6

## VIII.

As set forth above, the court is of the opinion that there are material factual issues remaining in dispute in this proceeding. Reid and Erb obviously dispute whether Erb had knowledge of Reid's claim at the time he completed his bankruptcy schedules. Similarly, the parties dispute whether Erb became aware of the Reid's claim at any time prior to the conclusion of his bankruptcy case. Significantly, they dispute Erb's motivation for not scheduling Reid's claim. As such, Erb is not entitled to judgment as a matter of law, and his motion for summary judgment must be overruled.

An order, consistent with this opinion, shall be entered contemporaneously herewith.

This the 28th day of September, 2012.

/s/ David W. Houston, III
DAVID W. HOUSTON, III
UNITED STATES BANKRUPTCY JUDGE